UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-02396-FWS-DFM Date: September 14, 2026
Title: Andre Pinesett v. Coral Motel *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING SUCCESSIVELY-REMOVED CASE TO STATE COURT**

In May 2023, a judge of the Orange County Superior Court entered a $361,154.20 judgment by default in favor of Plaintiff Andre Pinesett and against Defendants Balubhai Patel, Coral Motel, and Jaymanti M. Patel. (Dkt. 1 ("Notice of Removal" or "NOR") ¶ 5, Ex. C.) Defendants appealed, and a California Court of Appeal affirmed. (*Id.* ¶ 6.) Plaintiff assigned the judgment to Judgment Recovery Assistance LLC ("JRA"). (*Id.* ¶ 8.) In November 2025, JRA sought and obtained from Orange County Superior Court an Order to Show Cause against the Defendants why Coral Motel should not be sold to satisfy the judgment. (*Id.* ¶ 9.)

On January 21, 2026, Defendants removed the case to this court. (Case No. 8:26-cv-00147-FWS-DFM ("First Removal Case"), Dkt. 1.) On April 20, 2026, the court granted Plaintiff and JRA's Motion to Remand in the First Removal Case, rejecting each of Defendants' arguments regarding why removal was proper: (1) on the basis that "this case 'concerns the constitutionality and propriety of post-judgment collection actions and procedures," (2) "because the case involves Columbia Bank and Columbia Banking System, Inc. ('CBSI'), which are financial bank holding companies registered with the Federal Reserve Bank," and (3) under the Federal Civil Rights Removal statute, 28 U.S.C. § 1443. (First Removal Case, Dkt. 18 ("Remand Order"); NOR ¶ 11.)

On May 20, 2026, Defendants appealed the Remand Order in the First Removal Case to the Ninth Circuit. (First Removal Case. Dkt. 20; NOR ¶ 12.) That appeal remains pending. (*See* First Removal Case Dkt. 21; NOR ¶¶ 13-14.)

Defendants have now removed the case again. They argue "successive removal is permitted based on a relevant change of circumstances post remand, or a 'new and different legal ground,'" (NOR ¶ 16), and there are changed circumstances here because "the State Case trial court has, in effect, rejected the mandatory automatic stay of proceedings required by the United States Supreme Court case of Coinbase, Inc. v Bielski, 599 U.S. 736 (2023), which Defendants argued applies while an appeal of a remand determination is pending, and set another OSC hearing to sell [Coral Motel], the Defendants' Real Property," (*id.* ¶ 15). Defendants further argue removal is appropriate under "28 U.S.C. Section 1443(1) and (2)." (*Id.* ¶ 17.)

The general rule is that there is a "common law prohibition against successive removals." *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991). And there can be no serious question that this successive removal is improper.

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). Defendants do not argue the court has federal question or diversity jurisdiction over this case; indeed, the court has already determined it does not. (*See generally* Remand Order; *see id.* at 3 ("Simply put, there is no federal question presented on the face of any complaint relevant to this action."). Defendants cite no authority for the proposition that the state court taking some action Defendants maintain lacks basis in law confers the federal court with jurisdiction it otherwise lacks. (*See generally* NOR.)

Moreover, "[a] successive removal petition is permitted only upon a relevant change of circumstances—that is, when subsequent pleadings or events reveal a *new* and *different* ground for removal." *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (internal quotations omitted). The Ninth Circuit "ha[s] recognized such changes in circumstances, for

example, when an intervening change of law gives rise to a new basis for subject-matter jurisdiction." *Id.* "Successive petitions are also permitted when the pleadings are amended to create federal subject-matter jurisdiction for the first time." *Id.*

Defendants' bare citation to 28 U.S.C. Section 1443 does not meet this standard. (*See* NOR (quoting Section 1443 but providing no argument regarding how it applies in this case).) "In general, a party may not file a successive notice of removal on the same grounds where the district court has previously remanded the action." *Gibbs v. BB OPCO LLC*, 2026 WL 1816217, at *2 (N.D. Cal. June 24, 2026) (internal quotation omitted). But Defendants invoked the statute in the First Removal Case, and the court found Defendants failed to make an adequate showing. (Remand Order at 5.) This is not "a *new* and *different* ground for removal" that would make successive removal appropriate. *Reyes*, 781 F.3d at 1188.

Even if the argument were sufficiently new or different based on the state court's recent action in re-setting the OSC or otherwise, the assertion that Section 1443 confers jurisdiction in this case fails on the merits. The Supreme Court has established a two-prong test to determine whether removal is proper under § 1443(1). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality,'" rather than a constitutional or statutory provision of general applicability or pursuant to a statute that does not protect specifically against racial discrimination. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citation omitted). "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* This "normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (citations omitted).

Defendants offer in the NOR no argument regarding why this action falls within the ambit of Section 1443(1), despite now twice arguing that it does. (*See* Remand Order at 5; NOR ¶ 17.) Their contention that there has been an "unconstitutional change of circumstances caused by the state trial court on remand," (NOR ¶ 2), fails to identify a "federal law 'providing for specific civil rights stated in terms of racial equality,'" rather than a law of general applicability, *id.*, or "a California statute or constitutional provision that purports to command

the state court to ignore [their] federal civil rights," *Wong v. Kracksmith, Inc.*, 764 F. App'x 583, 584 (9th Cir. 2019) (mem.).

The court's concerns regarding the propriety of this successive removal are compounded by the timing: Defendants filed the Notice of Removal on August 26, 2026, the day before the state court's OSC hearing was set to occur. (NOR at 32-35 of 35.)

Defendants do not argue in the NOR that this court has any basis for subject matter jurisdiction other than Section 1443—an issue the court previously found Defendants failed to persuade the court on, and on which Defendants make no effort in the NOR to buttress their showing. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

Based on this record and law, the court ordered Defendants to show cause in writing why this case should not be remanded to state court. The court has now received Defendants' response to the OSC, (Dkt. 13, "Response"), including the Notice of Errata thereto, (Dkt. 14), and Plaintiff's reply, (Dkt. 15).

Nothing in the Response changes the court's analysis or conclusion. The basis for Defendants' removal is their contention that the state court has done something that is, in Defendants' view, contrary to law. (Response at 4 ("As alleged in the Notice of Removal, this removal was made because the state trial court has, in effect, rejected the mandatory automatic stay of proceedings required by the United States Supreme Court case of Coinbase, Inc. v Bielski, 599 U.S. 736 (2023), which Defendants argued applies while an appeal of a remand determination is pending, and set another OSC hearing to sell CM, the Defendants' Real Property[] for August 27, 2026, this despite the fact that on August 21, 2026, the Defendants filed a Notice of Appeal of the state trial court order to hear the OSC to the California Court of

Appeals, Fourth Appellate District, Division Three, and due to the jurisdictional issue implicated is subject also to an automatic stay under California Code of Civil Procedure Section 916.”).) That does not confer this court with subject matter jurisdiction over this case.

Defendants' repeated assertion that this court has jurisdiction under Section 1443(1) relies on what Defendants themselves characterize as a "dissenting view." (Response at 6-9.) This court is bound by what Defendants acknowledge is the "majority" view, and under this view, described above, the court does not have subject matter jurisdiction. *See Johnson*, 421 U.S. at 219.

Based on the record, as applied to the relevant law, the court finds that the court lacks subject matter jurisdiction over this successively-removed case, and **REMANDS** the case to Orange County Superior Court as case number 30-2021-01179977-CU-PO-CJC.